IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 18-CR-86 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **GOVERNMENT'S TRIAL BRIEF** |
| | ) | |
| ROSSI LORATHIO ADAMS II, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## I. PRE-TRIAL STATEMENT AS TO THE STATUS OF THE CASE

**(a)** This case is set for trial to a jury beginning on February 4, 2019. Jury selection is scheduled before Magistrate Judge Mark A. Roberts on the morning of February 4, 2019. Defendant has consented in writing to the Magistrate Judge conducting jury selection.

**(b)** The estimate of the probable duration of the trial is 3 to 3 ½ days.

**(c)** Defendant is released.

**(d)** An interpreter is not required in this matter.

**(e)** It is not proposed that a jury be waived.

**(f)** Joint Proposed Jury Instructions (docket no. 29) were filed on January 23, 2019, in accordance with the deadline set forth in the Court's scheduling order. On January 25, 2019, the Court filed Jury Instructions (docket no. 33), and the

1

deadline for the parties to object to those Jury Instructions (docket no. 33) is January 29, 2019, at 5 p.m.

**(g)** The Indictment (docket no. 2) charges defendant with one count of Conspiracy to Interfere with Commerce by Threats and Violence (Conspiracy to Commit Hobbs Act Extortion), in violation of 18 U.S.C. § 1951. Title 18, United States Code, Section 1951(a) provides,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

The Indictment alleges defendant conspired to obtain the property of E.D., namely, the Internet domain "doitforstate.com," with E.D.'s consent induced by the wrongful use of force, violence, and fear.

**(h)** The government's motion in limine (docket no. 27) remains pending before the Court. Defendant has filed a resistance (docket no. 32) to the government's motion, and the government has filed a reply (docket no. 34). All of these documents are sealed. By order (docket no. 22), the Court has denied defendant's motion to dismiss (docket no. 18).

## II. POTENTIAL EVIDENTIARY ISSUES

**(a) Stipulations** – To expedite the presentation of the case to the jury, to minimize out-of-state travel for witnesses, and to save the Court time, the parties

are working on stipulations to waive authenticity and foundation objections with respect to some of the extensive electronic evidence in the discovery file.

**(b) Unusual or Novel Issues** – The parties have already briefed the unusual or novel issues in this case, and so the government does not repeat those issues or arguments here. Specifically, the parties have briefed the two issues in conjunction with the government's sealed motion in limine (docket nos. 27, 32, 34). The parties also extensively briefed, in conjunction with defendant's motion to dismiss (docket no. 18), the novel legal issue of whether an Internet domain is "property" for purposes of the Hobbs Act. By order (docket no. 22), the Court denied defendant's motion to dismiss and held that an Internet domain is intangible property and thus within the ambit of the Hobbs Act.

## III. PRE-TRIAL OPENING STATEMENT

Defendant, also known as "Polo," is an Internet entrepreneur. At all relevant times, defendant was the sole owner of State Snaps, LLC, an Iowa limited liability company that operated the #DoItForState trademark. Defendant used the email account, [RJ_Mr_Adams123@yahoo.com](RJ_Mr_Adams123@yahoo.com).

Defendant wanted to purchase the domain, "doitforstate.com," from E.D., who had registered doitforstate.com with GoDaddy.com. GoDaddy.com is an Internet domain registrar. Through GoDaddy.com, individuals may register, buy, sell, and transfer Internet domains. The registration of a domain name grants the holder an exclusive, transferable right to use a particular Internet address.

3

In June 2015, defendant arrived unannounced at E.D.'s home in Cedar Rapids, Linn County, Iowa. Defendant told E.D. he found E.D.'s home address by means of E.D.'s trademark filing address for the doitforstate.com trademark. Defendant stated he wanted to purchase the doitforstate.com Internet domain from E.D. E.D. indicated he was not interested in selling the domain name.

In the ensuing months and years, defendant repeatedly contacted and attempted to contact E.D. and his brother, C.D., about purchasing the doitforstate.com Internet domain. E.D. stopped responding to defendant and let defendant know that E.D. did not want to sell the domain to defendant.

Defendant then asked his business partner, Matt Shearer, to contact E.D. about selling the doitforstate.com Internet domain. Defendant led Shearer to believe that Shearer was an investor in State Snaps, LLC, and the doitforstate.com domain would advantage that business. In fact, Shearer invested thousands of dollars in State Snaps, LLC, which Shearer believed defendant would use for marketing purposes.

Between July 2016, and May 2017, Shearer repeatedly contacted E.D., at defendant's request, about purchasing the doitforstate.com Internet domain. E.D. still did not agree, however, to sell the Internet domain for the price at which defendant was willing to pay.

Around Mother's Day 2017, defendant approached E.D.'s home in Cedar Rapids, Linn County, Iowa, within the Northern District of Iowa. Defendant again arrived unannounced. E.D.'s brother, C.D., answered the door and met defendant

4

outside. Defendant stated, "I'm here for the name whatever it takes. I'm not leaving without it." Defendant also made a fist and punched his hand. Defendant was wearing a "State Snaps" shirt.

On June 17, 2017, defendant drove Sherman Hopkins, Jr. and David Davis to the BioLife parking lot near Target in Cedar Rapids, Iowa. Defendant provided Davis $100 to purchase two cellular phones at the Target store so that Hopkins and defendant could communicate during an armed burglary of E.D.'s home to obtain the Internet domain, doitforstate.com. Defendant provided Hopkins with the money to purchase the cellular telephones so that defendant and Hopkins could communicate about a planned home invasion and attempt to obtain the Internet domain doitforstate.com from E.D. by force.

One of the two phones was non-operational. Therefore, on June 19, 2017, defendant again drove Hopkins and Davis to the Target store to exchange the non-operational phone.

On June 21, 2017, Hopkins, a felon, entered E.D.'s residence, a house on Fairway Terrace SE, in Cedar Rapids, without E.D.'s knowledge or consent. Hopkins was carrying a cellular telephone, a taser, and a loaded firearm, and he was wearing a hat, pantyhose on his head, and dark sunglasses on his face.

E.D. was upstairs in his home working at the time at his desk in his home office. E.D. heard Hopkins enter the home and, from the top of a staircase, saw defendant with the firearm at the bottom of the staircase. Hopkins shouted, "Come here motherfucker!" at E.D. E.D. ran into his upstairs bedroom and shut the door,

5

leaning up against the door to stop Hopkins from entering. Hopkins went upstairs and kicked E.D.'s bedroom door open, gaining entry to the room without E.D.'s consent.

Hopkins grabbed E.D. by the arm and demanded to know where E.D. kept his computer. When E.D. told Hopkins that E.D. kept his computer in his home office, Hopkins forcibly moved E.D. from his upstairs bedroom to his office. Hopkins ordered E.D. to turn on his computer and connect to the Internet. Hopkins pulled out a piece of paper from Hopkins's pocket, which contained a series of directions on how to change an Internet domain name from one GoDaddy account to another GoDaddy account. The note, which was given to Hopkins by defendant, contained defendant's email address. The note also contained defendant's account number at GoDaddy.com, that is, Account No. 9667633.

Hopkins put the firearm against E.D.'s head and ordered E.D. to follow the directions on the piece of paper, which would result in the domain "doitforstate.com" being transferred to defendant's GoDaddy.com account. Hopkins also confiscated E.D.'s cellular telephone and threw it away from E.D.'s reach, so E.D. could not call for help.

At the time, E.D. had registered to him the Internet domain name "doitforstate.com" through a GoDaddy account. Defendant had attempted to purchase the "doitforstate.com" domain from E.D. but was unwilling to pay E.D.'s asking price of $20,000 to $25,000 for the domain and associated intangible items.

6

Case 1:18-cr-00086-CJW-MAR Document 35 Filed 01/28/19 Page 6 of 8

At one point, while E.D. was following the directions on the piece of paper and responding to queries on the GoDaddy Internet website to effectuate the transfer of the doitforstate.com Internet domain name, E.D. asked Hopkins for a mailing address and phone number, because GoDaddy required the transferee's mailing address and phone number to effectuate the change of ownership of the domain name. Hopkins told E.D., "You don't need no fucking address" and pistol whipped E.D. with the firearm several times in the temple of E.D.'s head. Hopkins also pulled out a Taser and "Tased" E.D. several times in E.D.'s left arm, back, and neck. Eventually, after pistol whipping E.D. with the firearm several more times, Hopkins used his cellular telephone to call defendant. E.D. and defendant spoke, and E.D. recognized defendant's voice.

Defendant provided an address and a phone number to E.D., which E.D. inputted into GoDaddy's website to transfer the "doitforstate.com" domain name. As they waited, Hopkins became more violent, hitting E.D. in the head and stating, "This better be right. You better do this right. You know who you stole from. If you go to the police or tell anyone about this I'll be back for you." Hopkins then cocked the firearm and stated, "If this isn't right I'm going to blow your fucking head off!".

Fearing for his life, E.D. quickly turned to move the firearm away from his head. Hopkins and E.D. wrestled for the firearm. The firearm discharged during the ensuing scuffle, and a bullet hit E.D. in the leg. E.D. nonetheless managed to gain control of the firearm and shot Hopkins multiple times in his chest. E.D. then

7

called 911, and law enforcement arrived at E.D.'s residence and found Hopkins shot and bleeding in E.D.'s home.

On July 25, 2017, defendant interviewed with law enforcement. Defendant admitted his email address was [rj_mr_adams123@yahoo.com](mailto:rj_mr_adams123@yahoo.com). Defendant stated he used to own the doitforstate.com domain name but now E.D. and C.D. owned it. Defendant admitted he knew where they lived, near a golf course, and had met with them a number of times and gone to their house. Defendant stated E.D. and C.D. wanted $20,000 to give up the domain name but he did not want to pay them that much. Defendant initially denied knowing about the purchase of cell phones at Target but later admitted he was present. Defendant admitted he gave Hopkins $100 for the phones. Defendant initially stated he did not know what was in the Target bag that D.D. carried back from the store but later admitted there were phones in the bag.

Submitted by:

CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2019, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ TLV

Copy to:
Mr. Stephen A. Swift

PETER E. DEEGAN, JR.
United States Attorney

/s/ Timothy L. Vavricek

TIMOTHY L. VAVRICEK
Assistant U.S. Attorney
111 Seventh Ave SE, Box 1
Cedar Rapids, IA 52401
319-363-6333
tim.vavricek@usdoj.gov
ATTORNEY FOR THE UNITED
STATES OF AMERICA